FILED

2023 Aug-21  PM 04:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JOHN MCCARLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:21-CV-00570-LSC** |
| | ) | |
| **JEFFERSON DUNN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Jefferson Dunn ("Dunn"), Steve Watson ("Watson"), Arnaldo Mercado ("Mercado"), and Edward Ellington ("Ellington", and, collectively with Dunn, Watson, Mercado, and Ellington, the "ADOC Officials") hereby submit this Motion to Dismiss the Second Amended Complaint.  (Doc. No. 91).  As grounds for and in support of this Motion, the ADOC Officials submit the accompanying Memorandum of Law and state as follows:

**1.     Plaintiff Fails to Allege a Constitutional Violation by Any ADOC Official.**  "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if [the official] is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury."  Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019).  "To establish a deliberate-

indifference claim, a plaintiff must make both an objective and a subjective showing." Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1944)). The first element, whether a substantial risk of harm existed, involves an objective assessment and requires the plaintiff to allege "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." Marbury, 936 F.3d at 1233 (quoting Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2019) (internal citations omitted)). The second element, the subjective showing, requires a plaintiff to establish a defendant's deliberate indifference to the risk of serious harm by "making three sub-showings: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.'" Swain, 961 F.3d at 1285 (quoting Lane, 835 F.3d at 1308). Plaintiff fails to provide well-plead factual allegations to show "conditions [at St. Clair] that were extreme and posed an unreasonable risk of serious injury to his future health or safety" or that the ADOC Officials "'acted with a 'sufficiently culpable state of mind.'" Marbury, 936 F.3d at 1233; Swain, 961 F.3d at 1288 (quoting Farmer, 511 U.S. at 834). Plaintiff offers no more than blanket and conclusory allegations against the ADOC Officials that he faced a substantial risk of serious harm or that these defendants personally knew of any such risk. Indeed, Plaintiff fails to specifically identify what actions the ADOC Officials took or failed to take within their authority to correct the alleged risks, or how such changes could

2

have prevented the alleged assault. Accordingly, Plaintiff's claims against the ADOC Officials are subject to dismissal.

**2.     The Doctrine of Qualified Immunity Bars Plaintiff's 42 U.S.C. § 1983 Claim against the ADOC Officials.**  Although section 1983 creates a private right of action for deprivation of constitutional rights under color of State law, "[q]ualified immunity shields federal and state officials from money damages unless a plaintiff [establishes] facts showing (1) that the official violates a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011). Plaintiff concedes that the ADOC Officials acted within their discretionary authority. And, as discussed above, Plaintiff fails to plausibly allege the ADOC Officials violated his constitutional rights at all, much less that they violated clearly established law.

**3.     Even if Plaintiff properly alleged a constitutional violation, he cannot plausibly allege a violation of clearly established law.**  In considering whether alleged conduct violated clearly established law, courts "look for 'fair warning' to [public officials] that the conduct at issue violated a constitutional right." Gaines v. Wardynski, 871 F.3d 1203, 1208 (11th Cir. 2017) (quoting Jones v. Fransen, 857 F.3d 843, 851 (11th Cir. 2017)). Plaintiff can point to no prior case law suggesting that the ADOC Officials should have been on notice that their

conduct violated Plaintiff's constitutional rights.  Thus, the ADOC Officials remain entitled to qualified immunity from Plaintiff's section 1983 claim.

**4.      Plaintiff's State-Law Negligence Claim is Due to be Dismissed.**  In Count IV of the Amended Complaint, Plaintiff purports to assert a state-law negligence claim against the ADOC Officials.  (Doc. No. 56-1, ¶¶ 246-51).  Because the federal claims are subject to dismissal, the Court need not reach this claim.  If the Court does reach the claim, the ADOC Officials remain entitled to state-Agent immunity.   Under Alabama law, the ADOC Officials, as state officials, receive immunity from all civil liability for claims arising from their "formulating plans, policies, or designs" and/or "exercising [their] judgment in the administration of a department or agency of government, including, but not limited to . . . making administrative adjudications  . . ., allocating resources," or "hiring, firing, transferring, assigning, or supervising personnel . . .." Ex parte Butts, 775 So. 2d 173, 177-78 (Ala. 2000); Giambrone v. Douglas, 874 So. 2d 1046, 1057 (Ala. 2003) ("The immunity afforded State agents who exercise their judgment . . . is not abrogated for negligent and wanton behavior.").   Here, Plaintiff's allegations establish that Alabama law entitles the ADOC Officials to State-agent immunity. Plaintiff expressly alleges that the ADOC Officials all acted within the scope of their employment, i.e., within their capacity as Commissioner, Associate Commissioner for Plans and Programs, Director of Facilities, ADOC Chief Law Enforcement

Officer, Institutional Coordinator, and Associate Commissioner for Administrative Services.  (Doc. No. 56-1, ¶¶ 43, 21-26).  Furthermore, Plaintiff fails to plausibly allege facts suggesting that the ADOC Officials acted "willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority."  Reynolds, 946 So. 2d at 452.  Even if State-agent immunity did not apply, Plaintiff nonetheless fails to state a claim for negligence under Alabama law, because Plaintiff fails to allege an individual duty running from any ADOC Official to Plaintiff.  Lemley v. Wilson, 178 So. 3d 834, 841 (Ala. 2015).  Thus, State and State-agent immunity protect the ADOC Officials, and this claim is due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, the ADOC Officials respectfully request that the Court dismiss with prejudice the Second Amended Complaint and all claims asserted against the ADOC Officials by Plaintiff.

Dated:  August 21, 2023.

/s/Matthew B. Reeves
One of the Attorneys for the ADOC Officials

Daniel J. Chism
William R. Lunsford
Matthew B. Reeves
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com

5

daniel.chism@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this the 21st day of August, 2023:

Alyse N. Windsor
Gaile P. Gratton
J.S. "Chris" Christie, Jr.
**DENTONS SIROTE, P.C.**
2311 Highland Avenue South
Birmingham, AL 35205
Telephone: (205) 930-5427
Facsimile: (205) 930-5101
alyse.windsor@dentons.com
gaile.gratton@dentons.com
chris.christie@dentons.com

Brandon R. Keel
Charles Spalding, Jr.
Julia C. Barrett
**KING & SPALDING, LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
bkeel@kslaw.com
cspalding@kslaw.com
jbarrett@kslaw.com

*Attorneys for Plaintiff*

Robert F. Northcutt
C. Richard Hill, Jr.
James N. Walter, Jr.
W. Jackson Britton
William A. Sheehan
Caitlin E. Cobb
**CAPELL & HOWARD, P.C.**
150 S. Perry Street
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
bob.northcutt@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com
jackson.britton@chlaw.com
allen.sheehan@chlaw.com
caitlin.cobb@chlaw.com

*Attorneys for Karla Jones, Errol Pickens, Nekitris Estelle, Gary Malone, Kevin White, Carla Graham, Larry Baker, Antoine Price, and Derrick Dent*

/s/ Matthew B. Reeves
*Of Counsel*