FILED
2023 Aug-21  PM 07:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## Case No.: 4:21-cv-00570-LSC-HNJ

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

**JOHN MCCARLEY,**

            **Plaintiff,**

**v.**

**JEFFERSON DUNN, et al.,**

            **Defendants.**

_____

### MEMORANDUM OF LAW IN SUPPORT OF FACILITY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

_____

W. Allen Sheehan
C. Richard Hill
James N. Walter, Jr.
Caitlin E. Cobb

CAPELL & HOWARD, P.C.
150 South Perry Street
Montgomery, AL 36104
Phone: (334) 241-8000
Fax: (334) 323-8888
allen.sheehan@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com
caitlin.cobb@chlaw.com

*Attorneys for Defendants Karla Jones, Errol Pickens, Antoine Price, Nekitris Estelle, Gary Malone, Kevin White, Carla Graham, Larry Baker, and Derrick Dent*

1

# TABLE OF CONTENTS

**Background**.................................................................................................1

**Standard of Review**..................................................................................1

**Argument** ....................................................................................................2

   **I.**   **Plaintiff's Failure-to-Protect Claims Are Due to be Dismissed** ...............3

       **A. Plaintiff Fails to Sufficiently Plead the Facility Supervisors' Failure to Protect**..............................................................................5

          1.  *History of Widespread Abuse* .....................................................6

          2.  *Custom or Policy Resulting in Deliberate Indifference and Supervisory Knowledge of Subordinates Acting Unlawfully* ...8

       **B. Plaintiff Fails to Sufficiently Plead the Correctional Defendants' Failure to Protect**..........................................................................12

       **C. The Facility Defendants Are Entitled to Qualified Immunity**......15

   **II.**   **Plaintiff's Negligence Claim Is Due to be Dismissed**..............................19

       **A. This Court Should Not Exercise Supplemental Jurisdiction** ........19

       **B. The Facility Defendants Are Entitled to State-Agent Immunity**..20

       **C. Plaintiff Fails to State a Claim for Negligence** ..............................21

**Conclusion**................................................................................................22

The Facility Defendants[1], nine current and former ADOC employees at St. Clair Correctional Facility, have moved to dismiss Plaintiff's Second Amended Complaint, (Doc. 91), pursuant to Federal Rule of Civil Procedure 12(b)(6) and submit this Memorandum of Law in support thereof.

## BACKGROUND

Plaintiff sues the Facility Defendants and others for an incident that occurred while he was incarcerated in St. Clair Correctional Facility ("St. Clair"), alleging federal-law failure-to-protect claims and one state-law negligence claim. (*See generally id*.) Plaintiff filed this Second Amended Complaint on August 7, 2023, which the Facility Defendants argue should be dismissed with prejudice in its entirety.

## STANDARD OF REVIEW

Considering a Rule 12(b)(6) motion, courts construe the complaint in the light most favorable to the plaintiff, accepting well-pled facts as true; however, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a plaintiff's pleadings, "unwarranted deductions of fact" in a complaint are not admitted as true, and the court is not "required to draw [p]laintiff['s] inference" from properly pled facts.

---

[1] "Facility Defendants" collectively includes the "Facility Supervisors": Karla Jones, Errol Pickens, Nektiris Estelle, Gary Malone, Kevin White, Carla Graham, and Antoine Price, as well as the "Correctional Defendants": Larry Baker and Derrick Dent.

1

*Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1246, 1248 (11th Cir. 2005); *see also Iqbal,* 556 U.S. at 681 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544–45 (2007)) (conclusory allegations are "not entitled to be assumed true"). To survive a motion to dismiss, the complaint must contain sufficient factual matter that states "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Facial plausibility exists where a complaint's alleged facts allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Those "allegations must […] raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, "[i]t is established law in [the Eleventh] Circuit that the *Twombly-Iqbal* plausibility standard applies equally to pleadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense." *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1319 (11th Cir. 2016) (quotation citation omitted). "[G]enerally a Rule 12(b) analysis assumes only compliance with [the] notice pleading provisions of Rule 8. However, when the defense of qualified immunity is or can be asserted, Section 1983 claims are subjected to the heightened pleading standard required by the Eleventh Circuit Court of Appeals." *Smith v. Durham*, No. CV-040-PWG-0182-M, 2005 WL 8158754, *1, *5 (N.D. Ala. Mar. 22, 2005).

## ARGUMENT

### I.  Plaintiff's Failure-to-Protect Claims Are Due to be Dismissed.

Counts I and III, alleging 42 U.S.C. § 1983 violations of Plaintiff's Eighth Amendment rights under a failure-to-protect theory, are due to be dismissed. Plaintiff's Second Amended Complaint still fails to allege sufficient facts to state plausible failure-to-protect claims against the Facility Defendants, who are also entitled to qualified immunity. *See id*. at *3 (noting that "[a] valid civil rights claim, especially when defended with immunity, requires more than mere conclusions.")

To successfully plead an Eighth Amendment failure-to-protect claim, the Eleventh Circuit held that a plaintiff must allege three elements: (1) incarceration "under conditions posing a substantial risk of serious harm[;]" (2) a "'prison official [had] a sufficiently culpable state of mind,' amounting to 'deliberate indifference[,]'" which exists when a defendant "knows of and disregards an excessive risk to inmate health or safety[;]" and (3) the alleged constitutional violation caused the plaintiff's injury ." *Cox v. Nobles*, 15 F.4th 1350, 1358 (11th Cir. 2021). To adequately allege deliberate indifference, "[a] prisoner must establish 'both that [1] the defendant actually (subjectively) knew that the [prisoner] faced a substantial risk of serious harm and that [2] the defendant disregarded that known risk by failing to respond to it in an (objectively) reasonable manner.'" *Id*. (quoting *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020)). To satisfy the subjective

3

component of a deliberate indifference claim, a plaintiff must plausibly allege that "before the [alleged] assault[… Defendants] were 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]' and that [Defendants] 'dr[ew] the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Because "a prison custodian is not the guarantor of a prisoner's safety[,]" *Purcell ex. rel. Est. of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1321 (11th Cir. 2005) (citation omitted), the "'duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions.'" *Chambers v. Meeks*, No. 2:18-CV-558-SRW, 2021 WL 2926289, \*1, \*6 (M.D. Ala. July 12, 2021) (quoting *Farmer*, 511 U.S. at 844-45). Thus, to allege a plausible failure-to-protect claim, "a plaintiff must plead that *each* [g]overnment-official defendant through the official's own individual actions, has violated the Constitution." *Cabbil v. McKenzie*, 595 F. App'x 843, 847 (11th Cir. 2014) (citation omitted) (emphasis added) (assessing the pleading of § 1983 cases at the motion to dismiss stage).

Here, however, Plaintiff still fails to plead sufficient facts showing *each* Facility Defendant's actions or omissions that would constitute deliberate indifference in violation of the Eighth Amendment. *See Cowlin v. Hutton*, No. 7:17-

4

CV-01746-MHH-HNJ, 2018 WL 5931140 (N.D. Ala. July 2, 2018), *report and recommendation adopted*, No. 7:17-CV-1746-MHH-HNJ, 2018 WL 5923929, *1, *4 n.1 (N.D. Ala. Nov. 13, 2018) (dismissing failure-to-protect claim where plaintiff failed to "state specifically how each named defendant violated his constitutional rights[;]" instead, asserting claims against the defendants collectively).

### A. Plaintiff Fails to Sufficiently Plead the Facility Supervisors' Failure to Protect.

Because supervisors cannot be held liable for subordinates' unconstitutional deprivations on the basis of *respondeat superior*, supervisors may be held liable only in circumstances where "(1) [they] personally participated in the constitutional violation, or (2) there is a causal connection between [their] actions and the constitutional violation." *Harrison v. Culliver*, 746 F.3d 1288, 1289 (11th Cir. 2014). Establishing a causal connection between a supervisor's actions and the alleged constitutional violation is an "'extremely rigorous'" standard to meet. *Quinette v. Reed*, 805 F. App'x 696, 705 (11th Cir. 2020) (quoting *Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 820 (11th Cir. 2017)). A plaintiff may meet this rigorous standard only by showing (1) a history of widespread abuse, (2) a custom or policy resulting in deliberate indifference, or (3) actions by a supervisor directing subordinates to act unlawfully or knowledge thereof. *Head v. Dunn*, No. 2:20-CV-132-WKW, 2021 WL 2003554, *1, *5 (M.D. Ala. May 19, 2021). Sufficient notice of the alleged deprivation "'must be obvious, flagrant, rampant and of continued duration.'"

5

*Quinette*, 805 F. App'x at 706 (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff alleges that the Facility Supervisors failed to protect him by (1) wrongly placing him in a "hot bay" of general population; (2) failing to implement and ensure prison officials were abiding by appropriate policies; (3) failing to properly classify, house, and segregate inmates; (4) failing to respond to inmates' complaints; (5) failing to appropriately staff and supervise personnel; (6) failing to control internal inmate movement; and (7) failing to limit the proliferation of contraband; (8) (Doc. 91 pp. 13, 27, 34, 37, 39, 42, 45).

### 1. *History of Widespread Abuse*

A plaintiff can show a causal connection "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Brown*, 906 F.2d at 671. To constitute a causal connection, these widespread abuses "must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *Id.* (citations omitted); *see Washington v. Warden*, 847 F. App'x 734, 738 (11th Cir. 2021), *cert. denied sub nom.*, *Washington v. Taylor*, 142 S. Ct. 250 (2021).

Here, Plaintiff attempts to sufficiently allege a history of widespread abuse at St. Clair by alleging several different incidents of "violence" over a period of nine years. (Doc. 91 ¶¶ 96, 97, 100-02, 104, 105, 123-25, 132-35, 148-50, 160-64).

However, these incidents are not material to the harm Plaintiff allegedly suffered nor do they satisfy the "wide-spread abuse" standard. *See Selassie v. Ga. Dep't of Corr.*, No. 5:21-CV-41-MTT, 2021 WL 2459796 (M.D. Ga. June 16, 2021) (granting defendants' motion to dismiss where plaintiff failed to allege a history of widespread abuse specific to the alleged constitutional deprivation).

Of the incidents alleged by Plaintiff, Plaintiff cites only one incident that took place in the same dorm Plaintiff was housed in. (Doc. 91 ¶ 162). Moreover, Plaintiff alleges that "[b]etween September 2018 and May 25, 2019, […], at least thirteen violent incidents occurred in the N-block and O-block 'hot bay.'" (Doc. 91 ¶ 125) However, Plaintiff fails to define what constitutes a "violent incident;" nor does Plaintiff define whether weapons were used during these incidents, how these incidents occurred, and whether they involved unauthorized movement from one block to another. Thus, none of the alleged incidents are sufficiently similar to the circumstances alleged in Plaintiff's Second Amended Complaint so as to place the Facility Supervisors on notice. *See Harrison*, 746 F.3d at 1299-1300 (holding that 33 incidents of inmate-on-inmate violence in three years at a facility housing between 830 and 990 inmates "[did] not indicate [inmate exposure to] 'something even approaching the constant threat of violence.'").

7

Plaintiff additionally attempts to establish a history of widespread abuse through the rate of assaults over a nine-year period. (Doc. 91 ¶ 97). However, as Plaintiff failed to do in his First Amended Complaint, Plaintiff failed to allege the physical size, layout, or population of St. Clair. Because context matters in deliberate indifference cases, *Mosley*, 966 F.3d at 1272, the allegations fail to put the alleged conditions at St. Clair in proper context. Without alleging the seriousness of these assaults, whether they involved a weapon, where those assaults occurred, or whether there was an underlying reason for the assault, i.e., gang-related or random, like Plaintiff's, these allegations cannot support a finding of a "history of widespread abuse" sufficient to place the Facility Supervisors on notice of a constitutional deprivation. *See Purcell*, 400 F.3d at 1322 n. 21.

2. *Custom or Policy Resulting in Deliberate Indifference and Supervisory Knowledge of Subordinates Acting Unlawfully*

A causal connection may additionally be established either by the existence of a "custom or policy that results in deliberate indifference to constitutional rights[.]" or where a plaintiff pleads "facts that support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009). Plaintiff, in his Second Amended Complaint, alleges an amalgamation of policies that are allegedly unconstitutional or failures to follow policies that the Facility Supervisors were aware of or personally failed to

follow. These include: (1) creation of a hot bay dorm management system, (2) failure to properly classify inmates in the prison's drug treatment program, (3) failure to transfer out inmates who had dropped from the drug treatment program, (4) failure to appropriately document and communicate inmates' safety concerns, (5) failure to root out contraband through searches and disciplinary action, (6) failure to prevent movement between cellblocks, (7) failure to sufficiently staff and supervise St. Clair, (8) failure to control overcrowding, and (9) failure to perform internal and external audits. (Doc. 91 ¶¶ 46, 51, 52, 54-56, 58, 61, 71, 77, 86, 87, 91, 92, 112-14, 11-17, 126-28, 144, 146, 154-58, 168, 169, 176-78, 180-82, 185, 196, 199 201, 204).

"[W]here there are multiple defendants who, allegedly, have been deliberately indifferent, '[e]ach individual [d]efendant must be judged separately and on the basis of what that person knows[,]'" *Est. of Owens v. GEO Grp., Inc.*, 660 F. App'x 763, 768 (11th Cir. 2016) (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008)), because "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." *Burnette*, 533 F.3d at 1331. This applies to supervisors as well. *Franklin v. Curry*, 738 F.3d 1246, 1251-52 n.5 (11th Cir. 2014). Despite Plaintiff's allegations mentioned above, Plaintiff still fails to allege what each individual Facility Supervisor defendant knew regarding those allegedly unconstitutional policies or failures to implement certain policies that the Facility Supervisors were aware of by subordinates or directly committed. Instead, Plaintiff

9

alleges in a conclusory fashion that each Facility Supervisor was aware of these alleged constitutional violations without showing which Facility Supervisor was aware of what violation or how that Supervisor was aware.

The only specific references to any of the Facility Supervisors' knowledge of deliberately indifferent customs or policies or their knowledge that subordinates were acting unlawfully are that: (1) the DOJ report "was sent directly to each of the correctional facility wardens, including Defendant Jones[,]" and (2) "internal [ADOC] records further show that Defendant Pickens, specifically, failed to perform his duties and engaged in insubordination by failing to follow and implement the Daniels Plan[;]" (3) (Doc. 91 ¶¶ 185, 117). Neither of these allegations can serve to support a causal connection between Plaintiff's alleged constitutional violation and each Facility Supervisor's alleged liability. Moreover, Plaintiff's Second Amended Complaint contains no allegations evidencing any sort of direction by the Facility Supervisors to their subordinates to act unlawfully. To the extent Plaintiff alleges the Facility Supervisors, again in a collective fashion, that their subordinates were acting unlawfully, he does so in a conclusory fashion that cannot form the basis for supervisory liability.

Furthermore, Judge Axon, in the Northern District, as of March 31, 2023, found that prison facility supervisors, similar to the Facility Supervisors here, had no power to "correct[] the understaffing and overcrowding problems at St. Clair[.]"

10

*Pilcher v. Dunn*, No. 4:21-CV-204-ACA, 2023 WL 2756978 *1, *5 (N.D. Ala. Mar. 31, 2023) (citing *Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. City of Miami, FL.*, 637 F.3d 1178, 1190 (11th Cir. 2011) ("'A causal connection can be established if a supervisor has the ability to prevent or stop a known constitutional violation by exercising his supervisory authority and he fails to do so.'")). Also pertinent to Plaintiff's allegations here, Judge Axon further reiterated that only where a plaintiff "'point[s] to multiple incidents, or multiple reports of prior misconduct by a particular employee'" can that plaintiff show "that the absence of a policy creates the requisite causation to establish supervisory liability." *Id*. at *6. Thus, Judge Axon concluded the supervisor defendants could not be held liable for the "failure to adopt adequate security, prison management, and training protocols" because the plaintiff's "alleged instances of prior misconduct [were] [in]sufficient to establish that the absence of any policy at [the prison] put the moving Defendants on notice of a potential for a constitutional violation." *Id*. The same is true here. None of Plaintiff's allegations, specifically those purportedly relating to a history of widespread abuse are sufficient to have placed the Facility Supervisors on notice. Because Plaintiff cannot establish a causal connection, and further, supervisory liability, Plaintiff's failure-to-protect claim against the Facility Supervisors should be dismissed with prejudice.

11

**B. Plaintiff Fails to Sufficiently Plead the Correctional Defendants' Failure to Protect.**

Regarding the first requisite element of a deliberate indifference claim, courts assess a substantial risk of serious harm objectively. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014). To satisfy this element, a plaintiff must allege conditions that are extreme and pose an unreasonable risk of serious injury, *id*., which can be shown either through a particularized or generalized risk of harm. "There must be a strong likelihood of risk of injury, rather than a mere possibility, before an official's failure to act can constitute an Eighth Amendment violation." *Johnson v. Boyd*, 568 F. App'x 719, 721 (11th Cir. 2014) (citing *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990)). However, a generalized awareness of a substantial risk of serious inmate-on-inmate violence does not necessarily "'translate[ ] into a constitutional liability for prison officials responsible for the victim's safety.'" *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing *Farmer*, 511 U.S. at 844); *see also Marbury v. Warden*, 936 F.3d 1227, 1235 (11th Cir. 2019) ("[A] general risk of inmate-on-inmate violence [at St. Clair] does not rise to the level necessary to show deliberate indifference to a substantial risk of serious harm required by [the Eleventh Circuit's] caselaw.").

The second requisite element, deliberate indifference to that substantial risk of serious harm, has subjective and objective components. *Caldwell*, 748 F.3d at 1099. A plaintiff must first allege that the defendants "actually (subjectively) knew

12

that an inmate faced a substantial risk of serious harm." *Id*. The defendant-official

must be aware of facts that would allow him to infer a substantial risk of serious

harm exists, *and* the official must actually draw that inference. *Id*. Importantly,

"[a]wareness of an inmate's generally problematic nature does not constitute

subjective knowledge of a serious risk of harm." *Johnson*, 568 F. App'x at 721

(citing *Carter*, 352 F.3d at 1349). For the objective component, a plaintiff must

allege facts that plausibly establish the defendants disregarded the known risk by

failing to respond to it in an objectively reasonable manner. *Caldwell*, 748 F.3d at

1100.

Lastly, under the third element, causation, a plaintiff must allege "an

affirmative causal connection between the actions taken by a particular person under

color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d

1526, 1538 (11th Cir. 1993). In other words, the plaintiff must allege that the

defendants' acts or omissions were the legal cause of the constitutional violation and

"not merely a contributing factor." *Id*. at 1538-39.

Here, Plaintiff still fails in the Second Amended Complaint to allege sufficient

factual allegations establishing the Correctional Defendants' deliberate indifference.

First, Plaintiff cannot establish awareness of a substantial risk of serious harm.

Regarding a particularized risk, Plaintiff does not allege that Mr. Williams was "a

known documented enemy of his prior to the alleged [ ] assault[.]" *Austin v. Estes*,

No. 4:19-CV-1972-MHH-JHE, 2023 WL 1487284 (N.D. Ala. Jan. 11, 2023), *report and recommendation adopted*, No. 4:19-CV-01972-MHH-JHE, 2023 WL 1481473, *1, *7 (N.D. Ala. Feb. 2, 2023). Moreover, 'the record is devoid of evidence that [Baker] and [Dent] were aware of any credible threat to [Plaintiff] from [Williams] prior to the [ ] assault or that [Baker] and [Dent] knew of a strong likelihood of harm to [Plaintiff.]" *Id*.; (Doc. 91 ¶¶ 59-72). Thus, Plaintiff "has not demonstrated that he voiced a 'particularized threat or fear' to [Baker] and [Dent] such that they could infer that a substantial risk of harm existed to him prior to the assault[.]" *Id*. (citing *Carter*, 352 F.3d at 1349-50). As evident by Plaintiff's allegations, this assault was one of surprise, that neither Defendants Baker or Dent could have anticipated or were aware of.

Furthermore, the only other allegations in Plaintiff's Second Amended Complaint relating to the Correctional Defendants are insufficient to establish awareness of a generalized substantial risk of serious harm so as to amount to deliberate indifference. Allegations pertaining to Defendants Baker's and Dent's alleged knowledge about the alleged substantial risk of serious harm are solely conclusory because Plaintiff fails to allege how these Defendants acquired this knowledge. (*See* Doc. 91 ¶¶ 12, 13, 21, 64, 67, 72, 86, 121, 130). Thus, Count I against the Correctional Defendants is due to be dismissed with prejudice as Plaintiff

has failed to sufficiently allege each Correctional Defendants' deliberate indifference towards a substantial risk of serious harm.

### C. The Facility Defendants Are Entitled to Qualified Immunity.

It cannot be overstated that qualified immunity "'protects all but the plainly incompetent or those who knowingly violate the law.'" *City of Tahlequah v. Bond*, 142 S. Ct. 9, 11 (2021) (internal citation and quotations omitted). If a public official proves he was acting within his discretionary authority, the burden then shifts to the plaintiff "to show that (1) the officer violated a constitutional right and (2) the right was clearly established at the time of the alleged violation." *Piazza v. Jefferson Cnty. Ala.*, 923 F.3d 947, 951 (11th Cir. 2019) (citing *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004)). A right is clearly established and provides fair notice if "every reasonable official would have understood that what he is doing violates [the law]." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). As the Supreme Court has stated, "to show a violation of clearly established law, [the Plaintiff] must identify a case that put [the Defendants] on notice that [their] specific conduct was unlawful." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (U.S. Oct. 18, 2021).

To determine whether an official was acting within the scope of his discretionary authority, courts consider whether the official "was (a) performing a legitimate job-related function […], (b) through means that were within his power

15

to utilize." *Holloman*, 370 F.3d at 1265. Here, Plaintiff alleges that each Facility Defendant was acting within the scope of his or her employment when undertaking the conduct that is the basis of his Second Amended Complaint. (Doc. 91 ¶¶ 27-36). Plaintiff also alleges that each Facility Defendant was either a warden, assistant warden, captain, sergeant, lieutenant, classification supervisor, or correctional officer. (*Id.*) Accordingly, the Facility Defendants satisfy the first part of the qualified immunity analysis, which shifts the burden to Plaintiff to show that they are not entitled to qualified immunity.

To determine whether the law is clearly established, courts may look to "(1) case law with *indistinguishable* facts, (2) a broad statement of principle within the Constitution, statute, or case law, or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Crocker v. Beatty*, 995 F.3d 1232, 1240 (11th Cir. 2021) (citation omitted) (emphasis added). This Court should look "only to binding precedent-cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose- to determine whether the right in question was clearly established at the time of the violation." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citation omitted). Moreover, "[w]hile multiple cases in this Circuit have put prison officials on notice that they have a duty to protect inmates from violence at the hands of other inmates, each of those cases have required that the prison officials in question have

16

more than a generalized idea that the plaintiff could be subjected to violence." *Marbury v. Estes*, No. 4:16-CV-1152-AKK-JHE, 2017 WL 2060346, *1, *8 (N.D. Ala. May 1, 2017), *report and recommendation adopted*, No. 4:16-CV-1152-AKK-JHE, 2017 WL 2021071 (N.D. Ala. May 12, 2017), *aff'd sub nom.*, *Marbury v. Warden*, 936 F.3d 1227 (11th Cir. 2019).

Plaintiff must show that "'existing precedent [] placed the statutory or constitutional question beyond debate.'" *Rivas-Villegas*, 142 S. Ct. at 8 (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)). As discussed above, Plaintiff fails to plausibly allege that the Facility Defendants violated his Eighth Amendment rights and that the alleged violations of law were clearly established under any theory of liability.

Moreover, even if Plaintiff had met his burden of alleging a plausible constitutional violation, the Facility Defendants are still entitled to the shield of qualified immunity because Plaintiff cannot point to any clearly established precedent putting them on "fair notice" of a constitutional violation. "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal citations and quotations omitted) (alteration in original).

17

Here, Plaintiff cannot rely on any clearly established law that would have provided the Facility Defendants with "fair warning" that their conduct violated Plaintiff's constitutional rights. For example, in *Marbury v. Warden*, an inmate appealed a district court's grant of summary judgment to various prison officials on his Eighth Amendment claims. 936 F.3d at 1231. In his complaint, the inmate plaintiff alleged that witnessing fifteen stabbings in the prison, before another inmate stabbed him, was sufficient to establish deliberate indifference to a substantial risk of serious harm. *Id.* at 1233. Despite alleging that the inmate plaintiff made multiple requests to be transferred to a different dormitory or put in protective lock-up, *id.* at 1231, the Eleventh Circuit affirmed the district court's order granting St. Clair's warden's and officer's motions for summary judgment based on qualified immunity. *Id.* at 1232-38; *see also Johnson v. Lang*, No. 19-14278, 2022 WL 2734421, *1, *3 (11th Cir. July 14, 2022) (discussing and reaffirming the holding in *Marbury*).

Similar to the conclusion in *Marbury*, the Eleventh Circuit also affirmed a district court's grant of summary judgment to prison officials in *Harrison v. Culliver*, 746 F.3d at 1292. Despite the evidence revealing that thirty-three incidents involving weapons occurred during the pertinent time period, Holman prison had more than eight hundred occupants, and the four incidents pled by the inmate plaintiff that occurred in the area where he was attacked were insufficient to evidence deliberate indifference. *Id.* at 1299-1300. Plaintiff's allegations cannot overcome binding

Eleventh Circuit precedent, especially in light of *Marbury* and *Harrison*. Thus, the Facility Defendants are entitled to qualified immunity, shielding them from liability for Plaintiff's federal-law claims.

## II.    Plaintiff's Negligence Claim Is Due to be Dismissed.

Count IV is due to be dismissed because (1) this Court should not exercise supplemental jurisdiction over a state-law claim because the accompanying federal claims are due to be dismissed, (2) the Facility Defendants are entitled to state-agent immunity, and (3) the allegations of Plaintiff's Second Amended Complaint are not sufficient to state a claim of negligence against each Facility Defendant.

### A. This Court Should Not Exercise Supplemental Jurisdiction.

The Eleventh Circuit generally maintains "that, when all of the federal claims have been dismissed pretrial, Supreme Court case law 'strong encourages or even requires dismissal of the state claims.'" *Owens*, 660 F. App'x at 775 (quoting *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984); *Rainey v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004)). Because Facility Defendants are entitled to dismissal of the federal claims on various bases, this Court should decline to extend supplemental jurisdiction over Plaintiff's state-law negligence claim. *See Rainey*, 370 F.3d at 1089 (stating that district courts are encouraged "to dismiss any remaining state claims when[…] the federal claims have been dismissed prior to trial.").

19

### B. The Facility Defendants Are Entitled to State-Agent Immunity.

Under the state-agent immunity doctrine, a state agency employee is immune from personal civil liability if that employee is sued under a function entitling him to immunity. *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000). Those functions include exercising judgment in agency administration, supervising personnel, and "discharging duties imposed on a department or agency" in the manner of performance described. *Id*. Once established that the Facility Defendants' conduct is entitled to state-agent immunity, Plaintiff must then demonstrate they each Facility Defendant acted "willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority." *Ex parte Est. of Reynolds*, 946 So. 2d 450, 452 (Ala. 2006) (citation omitted). However, even if an employee's conduct fits into a protected category of state-agent decision-making, immunity may be excepted where a plaintiff sufficiently alleges a constitutional violation. *See Cranman*, 792 So. 2d at 405; *Taylor v. Hughes*, 920 F.3d 729 (11th Cir. 2019).

Here, Plaintiff fails to plead facts suggesting that each Facility Defendant acted willfully, maliciously, fraudulently, in bad faith, or beyond their authority. In fact, there are no allegations in the Second Amended Complaint establishing that any Facility Defendant "was consciously aware that his [or her] act or omission would likely cause harm to someone." *Odom v. Helms*, 314 So. 3d 220, 224 (Ala. 2020); *see also Hooper v. Columbus Reg'l Healthcare Sys., Inc.*, 956 So. 2d 1135,

20

1140 (Ala. 2006) ("To constitute willful or intentional injury, there must be knowledge of danger accompanied with a design or purpose to inflict injury, whether the act be one of omission or commission.") (internal quotations omitted). In fact, Plaintiff fails completely to "allege any facts suggesting that the Defendants were consciously aware that their acts or omissions would likely cause [him] harm[.]" *Pilcher*, 2023 WL 2756978 at \*10. Count IV does not allege any specific act or omission on the part of any Facility Defendant that would except him or her from immunity.

### C. Plaintiff Fails to State a Claim for Negligence.

Even if this Court declines to extend Facility Defendants State-agent immunity, Plaintiff has failed to adequately allege a claim for negligence. To allege state-law negligence, Plaintiff must plead "(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Lemley v. Wilson*, 178 So. 3d 834, 841 (Ala. 2015) (quotation citation omitted). Plaintiff lists the elements of negligence but fails to plead any specific facts supporting these elements. In fact, Plaintiff fails to plead each Facility Defendant's specific duty owed to him and breach thereof, aside from Defendants Baker and Dent. (Doc. 91 ¶¶ 333-40). Without specifying what each Facility Defendant's duty was to Plaintiff and how each allegedly breached it, Plaintiff fails to plausibly suggest that any of the Facility Defendants breached a duty of care to Plaintiff or were the cause of the

21

alleged assault. Thus, Count IV is due to be dismissed.

## **CONCLUSION**

Based on the foregoing, the Facility Defendants request that this Court enter an Order granting their Motion to Dismiss Plaintiff's Second Amended Complaint and dismiss Plaintiff's Second Amended Complaint, (Doc. 91), in its entirety with prejudice.

Respectfully submitted,

/s/ W. Allen Sheehan
W. ALLEN SHEEHAN (ASB-7274-L69S)
CAITLIN E. COBB (ASB-2959-B63E)
C. RICHARD HILL, JR. (ASB-0773-L72C)
JAMES N. WALTER, JR. (ASB-2722-R68J)

*Attorneys for Defendants Karla Jones, Errol Pickens, Nekitris Estelle, Gary Malone, Kevin White, Carla Graham, Larry Baker, Antoine Price and Derrick Dent*

CAPELL & HOWARD, P.C.
150 S. Perry Street (36104)
P.O. Box 2069
Montgomery, AL  36102-2069
Phone: (334) 241-8000
Fax: (334) 323-8888
Email:  allen.sheehan@chlaw.com
         rick.hill@chlaw.com
         jimmy.walter@chlaw.com
         caitlin.cobb@chlaw.com

22

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record (and by U.S. Mail to non-CM/ECF participants) as indicated below:

Alyse Nicole Windsor
Gaile Pugh Gratton
James Sturgeon Christie, Jr.
DENTONS SIROTE PC
2311 Highland Avenue South
PO Box 55727
Birmingham, AL  35255-5727
Alyse.Windor@dentons.com
ggratton@sirote.com
chris.christie@dentons.com

Julia C. Barrett
KING & SPAULDING LLP
500 W. 2nd Street, Suite 1800
Austin, TX  78701
jbarrett@kslaw.com

Brandon R. Keel
Charles Spalding, Jr.
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309
bkeel@kslaw.com
cspalding@kslaw.com

William R. Lunsford
MAYNARD COOPER & GALE PC
655 Gallatin St. SW
Huntsville, AL  35801
blunsford@maynardcooper.com

/s/ W. Allen Sheehan
Of Counsel

23