FILED

2023 Oct-13  AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

**Case No.: 4:21-cv-00570-LSC-HNJ**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

**JOHN MCCARLEY,**

**Plaintiff,**

**v.**

**JEFFERSON DUNN, et al.,**

**Defendants.**

_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GUTHERY'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

_____

W. Allen Sheehan
C. Richard Hill
James N. Walter, Jr.
Caitlin E. Cobb

CAPELL & HOWARD, P.C.
150 South Perry Street
Montgomery, AL 36104
Phone: (334) 241-8000
Fax: (334) 323-8888
allen.sheehan@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com
caitlin.cobb@chlaw.com

*Attorneys for Defendants Karla Jones, Errol Pickens, Antoine Price, Nekitris*

*Estelle, Gary Malone, Kevin White, Carla Graham, Larry Baker, Derrick Dent,*

*and Jeremy Guthery*

## TABLE OF CONTENTS

**Background**................................................................................................1

**Standard of Review**..................................................................................1

**Argument** ..................................................................................................2

    I.   **Plaintiff's Failure-to-Provide Adequate Medical Care Claim Is Due to Be Dismissed** ..................................................................................................2

        **A. Plaintiff Fails to Sufficiently Plead Defendant Guthery's Failure to Provide Adequate Medical Care**........................................................ 3

        **B. Defendant Guthery Is Entitled to Qualified Immunity** ...................6

    II.  **Plaintiff's Negligence Claim Is Due to be Dismissed**.................................9

        **A. This Court Should Not Exercise Supplemental Jurisdiction** ..........9

        **B. Defendant Guthery Is Entitled to State-Agent Immunity**.............10

        **C. Plaintiff Fails to State a Claim for Negligence** ...............................11

**Conclusion**................................................................................................12

Defendant Jeremy Guthery moves to dismiss Plaintiff's Second Amended Complaint, (Doc. 91), pursuant to Federal Rule of Civil Procedure 12(b)(6) and submits this Memorandum of Law in support thereof.

## BACKGROUND

Plaintiff sues the Defendant Jeremy Guthery and others for an incident that occurred while he was incarcerated in St. Clair Correctional Facility ("St. Clair"), alleging a failure-to-provide adequate medical care under federal law and one state-law negligence claim. (*See generally id*.) Plaintiff filed this Second Amended Complaint on August 7, 2023, which Defendant Guthery argues should be dismissed with prejudice in its entirety.

## STANDARD OF REVIEW

Considering a Rule 12(b)(6) motion, courts construe the complaint in the light most favorable to the plaintiff, accepting well-pled facts as true; however, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a plaintiff's pleadings, "unwarranted deductions of fact" in a complaint are not admitted as true, and the court is not "required to draw [p]laintiff['s] inference" from properly pled facts. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1246, 1248 (11th Cir. 2005); *see also Iqbal,* 556 U.S. at 681 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544–45 (2007)) (conclusory allegations are "not entitled to be assumed

1

true"). To survive a motion to dismiss, the complaint must contain sufficient factual matter that states "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Facial plausibility exists where a complaint's alleged facts allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Those "allegations must […] raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, "[i]t is established law in [the Eleventh] Circuit that the *Twombly-Iqbal* plausibility standard applies equally to pleadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense." *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1319 (11th Cir. 2016) (quotation citation omitted). "[G]enerally a Rule 12(b) analysis assumes only compliance with [the] notice pleading provisions of Rule 8. However, when the defense of qualified immunity is or can be asserted, Section 1983 claims are subjected to the heightened pleading standard required by the Eleventh Circuit Court of Appeals." *Smith v. Durham*, No. CV-040-PWG-0182-M, 2005 WL 8158754, *1, *5 (N.D. Ala. Mar. 22, 2005).

## ARGUMENT

### I. Plaintiff's Failure-to-Provide Adequate Medical Care Claim Is Due to Be Dismissed.

Count II, alleging a 42 U.S.C. § 1983 violation of Plaintiff's Eighth Amendment right under a deliberate indifferent theory, is due to be dismissed. Plaintiff's Second Amended Complaint fails to allege sufficient facts to state a

2

plausible failure-to-provide adequate medical care claim against Defendant Guthery, who is also entitled to qualified immunity. *Smith v. Durham*, No. CV 04-PWG-182-M, 2005 WL 8158754, *1, *3 (N.D. Ala. Mar. 22, 2005) (noting that "[a] valid civil rights claim, especially when defended with immunity, requires more than mere conclusions.")

> **A.      Plaintiff Fails to Sufficiently Plead Defendant Guthery's Failure to Provide Adequate Medical Care.**

This Circuit recognizes a violation of the Eighth Amendment when an inmate-plaintiff pleads deliberate indifference to his serious medical needs. "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). To successfully plead a failure-to-provide adequate medical care claim under the Eighth Amendment, an inmate-plaintiff must show "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). An inmate-plaintiff must also show a causal link between a defendant's indifference and the inmate-plaintiff's resulting injury. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

Regarding an objectively serious medical need, an inmate-plaintiff must show that he suffered from an injury "'that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Farrow v. West*, 320 F.3d 1235, (11th Cir. 2003) (internal citation omitted). For purposes of this Motion, Defendant Guthery assumes that Plaintiff's alleged injury constituted a serious medical need.

Regarding the deliberate indifference an inmate-plaintiff must show to sufficiently plead an Eighth Amendment violation, only where a prison official "'knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate'" will that prison official be found liable. *Id*. (quoting *Lancaster v. Monroe Cnty.*, 116 F.3d 1419, 1425 (11th Cir. 1997)). Importantly a plaintiff-inmate must plead "knowledge of the need for medical care and intentional refusal to provide that care" to survive a prison official's motion to dismiss. *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989). Thus, "[t]he inadvertent or negligent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain." *Farrow*, 320 F.3d at 1243 (internal quotation marks and citation omitted).

Here, Plaintiff has not pled sufficient facts showing that Defendant Guthery "'kn[e]w of and disregard[ed] an excessive risk to inmate health or safety[.]'" *Id*. at 1245 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). First, Plaintiff has not shown that Defendant Guthery subjectively *knew* Plaintiff was in serious need of medical care. "No liability arises for 'an official's failure to alleviate a significant

4

risk that he should have perceived but did not.'" *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (quoting *Farmer*, 511 U.S. at 838). In the Second Amended Complaint, Plaintiff alleged that "Defendant Jeremy Guthery, the N-block cube officer on duty at the time of the attack, observed Mr. McCarley bleeding on the floor of the prison after the attack but refused to offer him any aid." (Doc. 91 ¶ 16). However, Plaintiff further alleges that same fact "[u]pon information and belief[.]" (Doc. 91 ¶ 336). Specifically, Plaintiff alleges no facts evidencing Defendant Guthery's actual awareness and recognition that Plaintiff had been attacked and was in need of medical attention. Without any specific, supporting facts, these allegations are conclusory in nature and cannot support a viable Eighth Amendment claim.

In addition to subjective knowledge, Plaintiff must prove that Defendant Guthery's alleged inaction amounted to "more than gross negligence." *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010). In *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1312 (11th Cir. 2007), the Eleventh Circuit explained:

> The meaning of "more than gross negligence" is not self-evident but past decisions have developed the concept. In cases that turn on the delay in providing medical care, rather than the type of medical care provided, we have set out some factors to guide our analysis. Where the prisoner has suffered physical injury due to the delay, we have consistently considered: (1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay.

Considering these principles, Plaintiff alleges only that "[t]he failure by Defendant Guthery to facilitate medical care delayed [Plaintiff's] receipt of desperately-needed

5

medical assistance, increasing the likelihood that [Plaintiff] would suffer serious injury or death." (Doc. 91 ¶ 83). However, the Second Amended Complaint contains no specific allegations regarding how Defendant Guthery's alleged delay in providing medical care actually impacted Plaintiff's condition.

The final element in a deliberate indifference to medical needs claim is a "causal link between the defendants' indifference and the plaintiff's resulting injury." *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). Here, Plaintiff fails to allege, other than stating in a conclusory fashion that the alleged delay worsened his condition, (Doc. 91 ¶ 83), how Defendant Guthery's alleged inaction worsened Plaintiff's condition. Because Plaintiff cannot prove the requisite elements of a failure-to-provide medical care claim based on the allegations in the Second Amended Complaint, this Court should dismiss Count II with prejudice.

### B.    Defendant Guthery Is Entitled to Qualified Immunity.

It cannot be overstated that qualified immunity "'protects all but the plainly incompetent or those who knowingly violate the law.'" *City of Tahlequah v. Bond*, 142 S. Ct. 9, 11 (2021) (internal citation and quotations omitted). If a public official proves he was acting within his discretionary authority, the burden then shifts to the plaintiff "to show that (1) the officer violated a constitutional right and (2) the right was clearly established at the time of the alleged violation." *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 951 (11th Cir. 2019) (citing *Holloman ex rel. Holloman v.*

*Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004)). A right is clearly established and provides fair notice to defendants seeking qualified immunity if "every reasonable official would have understood that what he is doing violates [the law]." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). As the Supreme Court has stated, "to show a violation of clearly established law, [the Plaintiff] must identify a case that put [the Defendants] on notice that [their] specific conduct was unlawful." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (2021).

To determine whether an official was acting within the scope of his discretionary authority, courts consider whether the official "was (a) performing a legitimate job-related function […], (b) through means that were within his power to utilize." *Hollman*, 370 F.3d at 1265. Here, Plaintiff alleges that Defendant Guthery was acting within the scope of his employment when undertaking the conduct alleged in the Second Amended Complaint. (Doc. 91 ¶¶ 16, 37). Accordingly, Defendant Guthery satisfies the first part of the qualified immunity analysis, which shifts the burden to Plaintiff to show that he is not entitled to qualified immunity.

In determining whether the law is clearly established, courts may look to "(1) case law with *indistinguishable* facts, (2) a broad statement of principle within the Constitution, statute, or case law, or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Crocker v. Beatty*,

995 F.3d 1232, 1240 (11th Cir. 2021) (citation omitted) (emphasis added). This Court should look "only to binding precedent-cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose-to determine whether the right in question was clearly established at the time of the violation." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citation omitted). Plaintiff must show that "'existing precedent [ ] placed the statutory or constitutional question beyond debate.'" *Rivas-Villegas*, 142 S. Ct. at 8 (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)). As discussed above, Plaintiff fails to plausibly allege that Defendant Guthery violated his Eighth Amendment right and that the alleged violation of law was clearly established.

Moreover, even if Plaintiff had met his burden of alleging a plausible constitutional violation, Defendant Guthery is still shielded by qualified immunity because Plaintiff cannot point to any clearly established precedent putting him on "fair notice" of a constitutional violation. "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 556 U.S. 658, 664 (2012) (internal citations and quotations omitted) (alteration in original).

Here, Plaintiff cannot rely on any clearly established law that would have provided Defendant Guthery with "fair warning" that his conduct violated Plaintiff's Eighth Amendment right. Thus, Defendant Guthery is entitled to qualified immunity, shielding him from liability for Plaintiff's Eighth Amendment failure-to-provide adequate medical care claim.

**II.    Plaintiff's Negligence Claim Is Due to Be Dismissed.**

Count IV is due to be dismissed because (1) this Court should not exercise supplemental jurisdiction over a state-law claim because the accompanying federal claims are due to be dismissed, (2) Defendant Guthery is entitled to state-agent immunity, and (3) the allegations of Plaintiff's Second Amended Complaint are not sufficient to state a claim of negligence against Defendant Guthery.

**A. This Court Should Not Exercise Supplemental Jurisdiction.**

The Eleventh Circuit generally maintains "that, when all of the federal claims have been dismissed pretrial, Supreme Court case law 'strong encourages or even requires dismissal of the state claims.'" *Owens*, 660 F. App'x at 775 (quoting *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984); *Rainey v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004)). Because Defendant Guthery is entitled to dismissal of the federal claims on various bases, this Court should decline to extend supplemental jurisdiction over Plaintiff's state-law negligence claim. *See Rainey*, 370 F.3d at 1089 (stating that district courts are

9

encouraged "to dismiss any remaining state claims when[…] the federal claims have been dismissed prior to trial.").

## B. Defendant Guthery Is Entitled to State-Agent Immunity.

Under the state-agent immunity doctrine, a state agency employee is immune from personal civil liability if that employee is sued under a function entitling him to immunity. *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000). Those functions include exercising judgment in agency administration, supervising personnel, and "discharging duties imposed on a department or agency" in the manner of performance described. *Id*. Once established that Defendant Guthery's conduct is entitled to state-agent immunity, Plaintiff must then demonstrate that Defendant Guthery acted "willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority." *Ex parte Est. of Reynolds*, 946 So. 2d 450, 452 (Ala. 2006) (citation omitted). However, even if an employee's conduct fits into a protected category of state-agent decision-making, immunity may be excepted where a plaintiff sufficiently alleges a constitutional violation. *See Cranman*, 792 So. 2d at 405; *Taylor v. Hughes*, 920 F.3d 729 (11th Cir. 2019).

Here, Plaintiff fails to plead facts suggesting that Defendant Guthery acted willfully, maliciously, fraudulently, in bad faith, or beyond their authority. In fact, there are no allegations in the Second Amended Complaint establishing that Defendant Guthery "was consciously aware that his act or omission would likely

10

cause harm to someone." *Odom v. Helms*, 314 So. 3d 220, 224 (Ala. 2020); *see also Hooper v. Columbus Reg'l Healthcare Sys., Inc.*, 956 So. 2d 1135, 1140 (Ala. 2006) ("To constitute willful or intentional injury, there must be knowledge of danger accompanied with a design or purpose to inflict injury, whether the act be one of omission or commission.") (internal quotations omitted). In fact, Plaintiff fails entirely to "allege any facts suggesting that the Defendants were consciously aware that their acts or omissions would likely cause [him] harm[.]" *Pilcher*, 2023 WL 2756978 at *10. Count IV does not allege any specific act or omission on the part of Defendant Guthery that would except him from immunity.

### C. Plaintiff Fails to State a Claim for Negligence.

Even if this Court declines to extend Defendant Guthery State-agent immunity, Plaintiff has failed to adequately allege a claim for negligence. To allege state-law negligence, Plaintiff must plead "(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Lemley v. Wilson*, 178 So. 3d 834, 841 (Ala. 2015) (quotation citation omitted). Plaintiff lists the elements of negligence but fails to plead any specific facts supporting these elements. Moreover, Plaintiff fails to plead the specific duty owed to Plaintiff and breach thereof by Defendant Guthery. (Doc. 91 ¶¶ 336-37). Without specifying what Defendant Guthery's duty was to Plaintiff and how he allegedly breached it, Plaintiff

11

fails to plausibly suggest that Defendant Guthery breached a duty of care to Plaintiff or was the cause of his injuries. Thus, Count IV is due to be dismissed.

## CONCLUSION

Based on the foregoing, Defendant Guthery requests that this Court enter an Order granting his Motion to Dismiss Plaintiff's Second Amended Complaint and dismiss Plaintiff's Second Amended Complaint, (Doc. 91), with prejudice.

Respectfully submitted,

/s/ W. Allen Sheehan
W. ALLEN SHEEHAN (ASB-7274-L69S)
CAITLIN E. COBB (ASB-2959-B63E)
C. RICHARD HILL, JR. (ASB-0773-L72C)
JAMES N. WALTER, JR. (ASB-2722-R68J)

*Attorneys for Defendants Karla Jones, Errol Pickens, Nekitris Estelle, Gary Malone, Kevin White, Carla Graham, Larry Baker, Antoine Price, Derrick Dent, and Jeremy Guthery*

CAPELL & HOWARD, P.C.
150 S. Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
Phone: (334) 241-8000
Fax: (334) 323-8888
Email:allen.sheehan@chlaw.com
    rick.hill@chlaw.com
    jimmy.walter@chlaw.com
    caitlin.cobb@chlaw.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record (and by U.S. Mail to non-CM/ECF participants) as indicated below:

Alyse Nicole Windsor
Gaile Pugh Gratton Greene
James Sturgeon Christie, Jr.
DENTONS SIROTE PC
2311 Highland Avenue South
PO Box 55727
Birmingham, AL  35255-5727
Alyse.Windor@dentons.com
Gaile.grattongreene@dentons.com
chris.christie@dentons.com

Julia C. Barrett
KING & SPAULDING LLP
500 W. 2nd Street, Suite 1800
Austin, TX  78701
jbarrett@kslaw.com

Brandon R. Keel
Charles Spalding, Jr.
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309
bkeel@kslaw.com
cspalding@kslaw.com

William R. Lunsford
Matthew B. Reeves
Daniel James Chism
BUTLER SNOW
200 West Side Square, Ste. 100
Huntsville, AL  35801
Bill.Lunsford@butlersnow.com
Daniel.chism@butlersnow.com
Matt.Reeves@butlersnow.com

/s/ W. Allen Sheehan
Of Counsel

13