FILED
2023 Oct-30  PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| JOHN MCCARLEY, <br><br>     Plaintiff, <br><br> v. <br><br> JEFFERSON DUNN, *et al*., <br><br>     Defendants. | Case No. 4:21-cv-00570-LSC <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANT JEREMY GUTHERY'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

J.S. "Chris" Christie, Jr.
(ASB-3162-H07J)
Gaile P. Gratton
(ASB-9988-r63g)
Alyse N. Windsor
(ASB-8902-V72C)
**DENTONS SIROTE, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
chris.christie@dentons.com
gaile.grattongreene@dentons.com
alyse.windsor@dentons.com

Brandon R. Keel (*pro hac vice*)
Charlie Spalding, Jr. (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, GA 30309
T: (404) 572-4600
F: (404) 572-5100
bkeel@kslaw.com
cspalding@kslaw.com

Julia C. Barrett (*pro hac vice*)
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX 78701
T: (512) 457-2000
F: (512) 457-2100
jbarrett@kslaw.com

*Counsel for Plaintiff John McCarley*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

STATEMENT OF FACTS .........................................................................................2

ARGUMENT ..............................................................................................................4

I.    Mr. McCarley Has Stated an Eighth Amendment Claim Against
      Defendant Guthery..........................................................................................4

      A.    Mr. McCarley Faced A Serious Medical Emergency. ..........................6

      B.    Defendant Guthery Was Deliberately Indifferent By Failing to
            Respond To This Medical Emergency. .................................................6

      C.    Defendant Guthery's Inaction Harmed Mr. McCarley. ........................9

II.   Defendant Guthery Is Not Entitled to Qualified Immunity...........................10

      A.    Materially Similar Cases Gave Defendant Guthery Fair
            Warning of the Unlawfulness of His Conduct. ..................................11

      B.    Defendant Guthery's Conduct So Obviously Violates the Broad
            Principles of the Constitution that Prior Case Law is
            Unnecessary........................................................................................13

III.  Mr. McCarley Has Stated Claims Under Alabama Law. .............................14

CONCLUSION........................................................................................................16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aldridge v. Montgomery*,
753 F.2d 970 (11th Cir. 1985) ...............................................................................9

*Alsobrook v. Alvarado*,
477 F. App'x 710 (11th Cir. 2012) .......................................................5, 6, 9, 12

*Alsobrook v. Alvarado*,
656 F. App'x 489 (11th Cir. 2016).........................................................10, 12, 14

*Barefield v. Dunn*,
-- F. Supp. 3d --, No. 2:20-CV-917-WKW, 2023 WL 5417550
(M.D. Ala. Aug. 22, 2023)................................................................................7, 15

*Bozeman v. Orum*,
422 F.3d 1265 (11th Cir. 2005), *abrogated on other grounds by*
*Kingsley v. Hendrickson*, 576 U.S. 389 (2015) .......................................11, 12, 14

*Brooks v. Warden*,
800 F.3d 1295 (11th Cir. 2015) ...........................................................................13

*Brown v. Hughes*,
894 F.2d 1533 (11th Cir. 1990) .............................................................................5

*Caldwell v. Warden, FCI Talladega*,
748 F.3d 1090 (11th Cir. 2014) .............................................................................5

*Ex parte Cranman v. Maxwell*,
792 So. 2d 392 (Ala. 2000)...................................................................................15

*Dickinson v. Cochran*,
833 F. App'x 268 (11th Cir. 2020)........................................................................11

*Edwards v. Abbett*,
No. 3:13CV871-MHT, 2020 WL 6395454 (M.D. Ala. Nov. 2,
2020) .......................................................................................................................9

ii

*Estelle v. Gamble*,
　429 U.S. 97 (1976) ............................................................................................1

*Goebert v. Lee Cnty.*,
　510 F.3d 1312 (11th Cir. 2007) ...........................................................4, 6, 7, 10

*Gonzalez v. Reno*,
　325 F.3d 1228 (11th Cir. 2003) ........................................................................10

*Guy v. Dunn*,
　No. 4:21-cv-00264-ACA, 2023 WL 6378967 (N.D. Ala. Sept. 29,
　2023) ...........................................................................................................6, 12

*Harris v. Coweta County*,
　21 F.3d 388 (11th Cir. 1994) ......................................................................11, 12

*Herrera v. Oliver*,
　No. CV 18-0058-KD-MU, 2019 WL 1217316 (S.D. Ala. Feb. 14,
　2019) ..............................................................................................................5

*Huffman v. Dunn*,
　No. 4:20-CV-01293-CLM, 2021 WL 2533024 (N.D. Ala. June 21,
　2021) .............................................................................................................15

*Murray v. Prison Health Servs., Inc.*,
　112 So. 3d 1103, 1107 (Ala. Civ. App. 2012) ...................................................15

*Newsome v. Jones*,
　No. 4:12-CV-00019-VEH-JE, 2014 WL 6642742 (N.D. Ala. July
　3, 2014) ...........................................................................................................9

*Patel v. Lanier Cnty. Ga.*,
　969 F.3d 1173 (11th Cir. 2020) ........................................................5, 8, 13, 14

*Ravan v. Talton*,
　No. 21-11036, 2023 WL 2238853 (11th Cir. Feb. 27, 2023)...........................14

*Taylor v. Hughes*,
　920 F.3d 729 (11th Cir. 2019) ..........................................................................15

*Waldrop v. Evans*,
　871 F.2d 1030 (11th Cir. 1989) ..........................................................................4

## Other Authorities

Eighth Amendment ...................................................................................*passim*

## **INTRODUCTION**

Plaintiff John McCarley's claims against Defendant Jeremy Guthery in the Second Amended Complaint ("SAC") are straightforward. After suffering a vicious stabbing at the hands of another prisoner, Mr. McCarley lay on the prison floor with blood pulsating from his chest and other parts of his body. Defendant Guthery, a correctional officer tasked with monitoring Mr. McCarley's housing block and ensuring the safety of inmates, saw Mr. McCarley severely bleeding from these injuries and in obvious need of medical attention. Yet, he refused to render *any* aid. Because of this refusal, Mr. McCarley was delayed vital medical assistance, which increased the risk of serious injury and death and forced Mr. McCarley to endure an even longer period of suffering.

Defendant Guthery argues that dismissal is nonetheless warranted because he did not know that Mr. McCarley was in need of medical care, because this refusal did not cause Mr. McCarley harm, because Defendant Guthery could not have known that this conduct would violate the Constitution, and because he owed Mr. McCarley no duty of care. Each argument not only defies common sense, but also contradicts clearly established Eleventh Circuit law. Courts have long held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed [] by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Mr. McCarley's claims do not question merely the degree of aid that was rendered. These claims involve the complete refusal by Defendant Guthery to provide any aid whatsoever. He observed Mr. McCarley suffering from multiple stab wounds and yet knowingly left Mr. McCarley to die on the floor of St. Clair Correctional Facility ("St. Clair"). This total abdication of responsibility violates the Eighth Amendment, and no reasonable prison official would think it is appropriate to refuse to act under these circumstances. The Court should deny Defendant Guthery's Motion to Dismiss (ECF 104) accordingly.

## STATEMENT OF FACTS

On May 25, 2019—just a week after being placed in the "hot bay" of general population at St. Clair—Mr. McCarley was viciously stabbed by another inmate in N-block. SAC ¶¶ 73-85. That afternoon, Mr. McCarley returned to N-block after mealtime to find the cell block doors open, allowing access to inmates from other blocks. *Id.* ¶ 74. As Mr. McCarley walked through the block, he was attacked and stabbed in the chest by another inmate, Dion Williams, who appeared to be intoxicated. *Id.* ¶¶ 76-77. Mr. McCarley struggled with his attacker for a brief period, during which time Mr. McCarley was stabbed again in his right bicep, among other injuries. *Id.* ¶ 78. Mr. McCarley collapsed and passed out. *Id.* ¶ 80. When he awoke, he saw blood pulsating out of his chest. *Id.*

2

Defendant Guthery observed Mr. McCarley on the prison floor, bleeding from these injuries and in need of serious medical attention. *Id.* ¶ 81; *see also* Dkt. 105 at 4 ("For purposes of this Motion, Defendant Guthery assumes that Plaintiff's alleged injury constituted a serious medical need."). At this time, Defendant Guthery was a correctional officer at St. Clair, and his responsibilities included monitoring inmates in N-block and acting to ensure their safety while in custody. *Id.* ¶ 37. Despite these responsibilities, and despite personally observing Mr. McCarley severely bleeding from multiple stab wounds, including to his chest, Defendant Guthery refused to render any aid. *Id.* ¶ 81.

Defendant Guthery could have rendered aid himself, called for assistance to facilitate medical aid, transported Mr. McCarley to the infirmary, or otherwise acted to help Mr. McCarley. *Id.* ¶ 81, 235-38. But, he entirely failed to act. *Id.* ¶¶ 81-82, 235. He instead left Mr. McCarley to die on the prison floor. This failure left Mr. McCarley to continue to suffer in pain on the prison floor, and increased the likelihood that he would suffer serious injury or death. *Id.* ¶¶ 83, 240. Two other inmates ultimately intervened and carried Mr. McCarley to the prison infirmary. *Id.* ¶ 84. He was transferred to a hospital, where he underwent a six-hour open heart surgery to save his life. *Id.* ¶ 85. During this surgery, Mr. McCarley "died" several times and required multiple resuscitations. *Id.*

3

## ARGUMENT

Despite admitting that Mr. McCarley was suffering a serious medical need, Defendant Guthery asserts that dismissal is warranted because he could not have known that Mr. McCarley was suffering a serious medical emergency and that he could not have known that his refusal to render aid would violate Mr. McCarley's constitutional rights. But these arguments ignore the straightforward allegations raised against him in the SAC. There is little doubt that Defendant Guthery knew that Mr. McCarley was in need of medical aid by observing him on the prison floor with blood pulsating from his chest due to multiple stab wounds. This conduct constitutes deliberate indifference in violation of the Eighth Amendment. Both materially similar cases, as well as broad principles underlying the Constitution, gave Defendant Guthery fair warning that this conduct violated Mr. McCarley's constitutional rights. Moreover, this conduct also violated the duty of care Defendant Guthery owed Mr. McCarley under Alabama law.

### I.  Mr. McCarley Has Stated an Eighth Amendment Claim Against Defendant Guthery.

The Eleventh Circuit has long held that an officer who realizes that a prisoner may be in need of care is obligated, at the very least, to "look into the matter," *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1328 (11th Cir. 2007). Such an officer must "take action." *Waldrop v. Evans*, 871 F.2d 1030, 1036 (11th Cir. 1989). A "total failure to investigate—or take any other action to mitigate—[a] substantial risk of

4

serious harm" to a prisoner violates the Constitution. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1103 (11th Cir. 2014).

And, in the context of a medical emergency, intentional refusal to provide medical care has "consistently been held to . . . constitute deliberate indifference." *Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1190-91 (11th Cir. 2020); *see also Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) ("Deliberate indifference to a prisoner's serious medical needs violates the [E]ighth [A]mendment because denying or delaying medical treatment is tantamount to 'unnecessary and wanton infliction of pain.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The reasoning behind this obligation is "simple"—"'it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.'" *Herrera v. Oliver*, No. CV 18-0058-KD-MU, 2019 WL 1217316, at *9 (S.D. Ala. Feb. 14, 2019), *report and recommendation adopted*, No. CV 1:18-00058-KD-MU, 2019 WL 1210108 (S.D. Ala. Mar. 14, 2019) (quoting *Estelle*, 429 U.S. at 104). "For a claim of deliberate indifference to a serious medical need, the plaintiff must show: (1) a serious medical need, (2) deliberate indifference to that need on the part of the defendant, and (3) causation between the defendant's indifference and the plaintiff's injury." *Alsobrook v. Alvarado*, 477 F. App'x 710, 711 (11th Cir. 2012). The SAC easily establishes each of these elements.

5

### A.    Mr. McCarley Faced A Serious Medical Emergency.

Defendant Guthery does not challenge the first prong of this analysis—whether Mr. McCarley was suffering a serious medical need. ECF 105 at 4. This is for good reason. A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Any lay person would easily recognize that Mr. McCarley needed medical attention by observing him bleeding from multiple stab wounds. *See Alsobrook*, 477 F. App'x at 712 (finding allegations that plaintiff suffered injuries from attack by other inmate sufficient to show a "serious medical need"); *Guy v. Dunn*, No. 4:21-cv-00264-ACA, 2023 WL 6378967, at *21 (N.D. Ala. Sept. 29, 2023) (concluding that inmate who was stabbed multiple times faced serious medical emergency).

### B.    Defendant Guthery Was Deliberately Indifferent By Failing to Respond To This Medical Emergency.

As to the second prong, to establish "deliberate indifference" in this context, "a plaintiff must show: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence.'" *Alsobrook,* 477 F. App'x at 712 (quoting *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010)). Defendant Guthery asserts that "Plaintiff has not shown that Defendant Guthery subjectively *knew* Plaintiff was in serious need of medical care."

6

ECF 105 at  4 (emphasis in original). He further asserts that "Plaintiff alleges no facts evidencing Defendant Guthery's actual awareness and recognition that Plaintiff had been attacked and was in need of medical attention." *Id.* at 5. This argument is belied by the allegations in the SAC. The SAC alleges that Defendant Guthery observed Mr. McCarley profusely bleeding on the prison floor, that he observed Mr. McCarley in need of serious medical attention, that he knew other inmates had suffered serious injuries in the past from such injuries, and that he nonetheless refused to act. SAC ¶ 81. It further alleges that, based on these observations, Defendant Guthery subjectively knew of the substantial risk of serious harm that Mr. McCarley faced. *Id.* ¶¶ 234-37.

These allegations create a plausible inference that Defendant Guthery was subjectively aware of Mr. McCarley's serious medical need. That is sufficient at this stage. *Barefield v. Dunn*, -- F. Supp. 3d --, No. 2:20-CV-917-WKW, 2023 WL 5417550, at *48 (M.D. Ala. Aug. 22, 2023) (noting in another case from St. Clair that "at this stage, Barefield need only show that it is plausible, based on his allegations, that Defendants were subjectively aware of his serious medical needs"). Subjective awareness is "inherently a factfinding determination," and Defendant Guthery's argument is premature given that this is "typically reserved for the jury." *Id.* (citing *Patel*, 969 F.3d at 1190); *Goebert*, 510 F.3d at 1328 (similar).

Defendant Guthery next argues that the SAC fails to establish that his "inaction amounted to 'more than gross negligence'" because "the Second Amended Complaint contains no specific allegations regarding how Defendant Guthery's alleged delay in providing medical care actually impacted Plaintiff's condition." ECF 105 at 5-6. But, the "knowledge of the need for medical care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference." *Patel*, 969 F.3d at 1190 (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985)). Moreover, the SAC specifically alleges that Defendant Guthery's inaction needlessly elongated the period of suffering that Mr. McCarley endured and delayed Mr. McCarley's receipt of desperately-needed medical assistance, increasing the likelihood of serious injury or death. *Id.* ¶ 83. Mr. McCarley did in fact suffer such serious injury—he was left on the prison floor suffering from multiple stab wounds that ultimately required six-hour open heart surgery, and he even "died" multiple times while at the hospital, requiring resuscitation. *Id.* ¶¶ 81-85. And Defendant Guthery acknowledged that, for purposes of this Motion, Mr. McCarley's "injury constituted a serious medical need." Dkt. 105 at 4.

And the fact that Mr. McCarley later received medical aid does not absolve Defendant Guthery of liability. "Where an inmate has suffered a serious and painful injury, 'it may be that deliberately indifferent delay, no matter how brief,' would

render the defendants liable as if they had inflicted the pain themselves.'" *Newsome v. Jones*, No. 4:12-CV-00019-VEH-JE, 2014 WL 6642742, at \*7 (N.D. Ala. July 3, 2014) (quoting *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990)). Both "long and short delays can be inexcusable." *Alsobrook v. Alvarado*, 477 F. App'x. 710, 713 (11th Cir. 2012) (citing *Harris v. Coweta County*, 21 F.3d 388, 393–94 (11th Cir. 1994)). The Eleventh Circuit has found that delayed treatment for wounds such as these when there is no justification for the delay, even if for a brief period, amounts to deliberate indifference. *Id.* (*Aldridge v. Montgomery*, 753 F.2d 970, 972–73 (11th Cir. 1985)). Thus, under binding authority, Defendant Guthery's refusal to address Mr. McCarley's serious stab wound amounts to deliberate indifference.

### C.    Defendant Guthery's Inaction Harmed Mr. McCarley.

Defendant Guthery argues that he was not deliberately indifferent because Mr. McCarley ultimately was helped by other inmates and that there are no allegations that "Defendant Guthery's alleged inaction worsened Plaintiff's condition." ECF 105 at 6. But, the delay in receiving medical attention is sufficient on its own to state a claim. Courts have emphasized that, in this context, "[u]nnecessary pain can constitute serious harm." *Edwards v. Abbett*, No. 3:13CV871-MHT, 2020 WL 6395454, at \*5 (M.D. Ala. Nov. 2, 2020) (citing *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999)); *Newsome*, 2014 WL 6642742, at \*7 (similar). The delay of treatment for serious bleeding stab wounds alone is sufficient to constitute an injury

9

in these circumstances under Eleventh Circuit precedent. *See Alsobrook*, 656 F. App'x at 496 (noting that the Eleventh Circuit has found claims sufficiently alleged where prison official "left the bleeding inmate in a cell for significant periods of time").

Moreover, the SAC alleges that Defendant Guthery's inaction increased the risk of serious harm, and that Mr. McCarley ultimately suffered serious injuries. SAC ¶¶ 81-85. This, too, is sufficient at this stage. The Eleventh Circuit has explained that inquiries into whether a delay to provide medical care worsened an inmate's condition "overlaps with the causation inquiry" that is best suited for the jury. *See Goebert*, 510 F.3d at 1329 (explaining that "[t]he question is whether that delay worsened Goebert's condition, a question which overlaps with the causation inquiry" and that whether "delay attributable to Weaver's deliberate indifference" worsened this injury "is a jury question").

In short, the factual allegations of the SAC, which must be accepted as true at this stage, establish each element of Mr. McCarley's Eighth Amendment claim against Defendant Guthery, and the Motion to Dismiss must be denied accordingly.

## II.    Defendant Guthery Is Not Entitled to Qualified Immunity.

Government officials are not entitled to qualified immunity when their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known.'' *Gonzalez v. Reno*, 325 F.3d 1228, 1233

10

(11th Cir. 2003). "The 'salient question' is 'whether the state of the law' at the time of the official's conduct gave the official 'fair warning that their alleged treatment of [the plaintiff] was unconstitutional.'" *Dickinson v. Cochran*, 833 F. App'x 268, 273 (11th Cir. 2020). Plaintiffs can demonstrate violation of a clearly established right in one of three ways: (i) showing "that a materially similar case has already been decided," (ii) showing "that a broader, clearly established principle should control the novel facts of a particular situation," or (iii) alleging conduct "which so obviously violates the constitution that prior case law is unnecessary." *Dickinson*, 833 F. App'x at 273–74 (quotation omitted). The SAC satisfies each of these standards.

A.    **Materially Similar Cases Gave Defendant Guthery Fair Warning of the Unlawfulness of His Conduct.**

The Supreme Court has "made clear" that a prison official "acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay." *Bozeman v. Orum*, 422 F.3d 1265, 1273 (11th Cir. 2005), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Harris v. Coweta Cnty.*, 21 F.3d 388 (11th Cir. 1994) (noting that "it was clearly established that knowledge of the need for medical care and intentional refusal to provide that care constituted deliberate indifference"

11

and that "deliberate indifference could be inferred from an unexplained delay in treating a known or obvious serious medical condition").

The Eleventh Circuit, citing *Aldridge*, *Bozeman,* and *Harris*, has further emphasized that it is clearly established that an unjustifiable delay "in treating a continuously bleeding gash to the back of [a prisoner's] head, a cut under his right eye, a bloody nose, [and] a cut high on his forehead by the hairline while his clothes were covered in blood and his face was swelling and bruising, were sufficient to plead deliberate indifference." *Alsobrook v. Alvarado,* 477 F. App'x 710, 713 (11th Cir. 2012). "A 1985 opinion by this Court clearly established the law relevant to this appeal"—namely, that the failure to provide medical aid for wounds suffered from an attack by another inmate violates the Eighth Amendment. *Alsobrook v. Alvarado*, 656 F. App'x 489, 496 (11th Cir. 2016) (citing *Aldridge*, 753 F.2d at 971–73). And, in a similar vein, courts have recognized that the "constitutional insufficiency" of totally failing to act in such a situation has been "established for almost fifty years." *Guy*, 2023 WL 6378967 at \*21.

Given this, Defendant Guthery's failure to respond to Mr. McCarley's serious medical emergency arising from his stabbing by another inmate violated his clearly established constitutional rights. Courts in this District, in fact, have upheld claims based on virtually identical allegations. *See, e.g.*, *Guy*, 2023 WL 6378967 at \*21 (explaining in similar case arising out of stabbing at St. Clair that "it was clearly

12

established at the time of [the] stabbing that delaying or failing to provide access to care violated the Eighth Amendment").

### B. Defendant Guthery's Conduct So Obviously Violates the Broad Principles of the Constitution that Prior Case Law is Unnecessary.

Lastly, Defendant Guthery is not entitled to qualified immunity because his conduct so clearly and obviously violated the broad principles of the Constitution. Defendant Guthery observed Mr. McCarley suffering a life-threatening injury and did nothing. The "obvious cruelty inherent" in leaving Mr. McCarley to die on the prison floor means that Defendant Guthery is not entitled to qualified immunity. Any reasonable official would have known that such conduct "was at war with the command of the Eighth Amendment." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015).

The Eleventh Circuit has held that the refusal to provide medical aid implicates the "broader, clearly established principle[s]" of the Constitution. *Patel*, 969 F.3d at 1190. As the Eleventh Circuit explained:

> This broad principle has put all law-enforcement officials on notice that if they actually know about a condition that poses a substantial risk of serious harm and yet do *nothing* to address it, they violate the Constitution. No more notice was necessary because the assumed circumstances here are stark and simple, and the [preexisting] decisional language ... obviously and clearly applies. This is not a case in which a law-enforcement officer provided inadequate aid, the reasonableness of which can be fairly disputed. Here, at least on the facts as we must take them, Deputy Smith provided no timely aid—he was confronted with a serious medical need and did *nothing*. Because we have made clear that such complete abdication in the face of a

13

known serious need is unconstitutional, Deputy Smith is not entitled to qualified immunity.

*Patel*, 969 F.3d at 1190-91.

This "broad principle" further put Defendant Guthery on notice of the unconstitutionality of his complete abdication of responsibility. Any reasonable officer would understand a prisoner suffering from a serious stab wound cannot be denied medical care. *See Ravan v. Talton,* No. 21-11036, 2023 WL 2238853, at *9 (11th Cir. Feb. 27, 2023) ("Any reasonable official would know that, if a detainee with bleeding sores all over his body asks for a medical-treatment form, he or she cannot deny the detainee access to medical care."); *Bozeman*, 422 F.3d 1265, 1274 (11th Cir. 2005) (explaining that officials that "knew [the plaintiff] was unconscious and not breathing and—for fourteen minutes—did nothing," including failing to "check Haggard's breathing or pulse," "administer CPR," or summon medical help" were fairly warned by our case law" and this  "violation should have been obvious to any objectively reasonable correctional officer"); *see Alsobrook*, 656 F. App'x at 496 (similar). For these reasons, the broad principles underlying the Constitution provided Defendant Guthery fair notice that his conduct violated Mr. McCarley's Eighth Amendment rights.

### III.   Mr. McCarley Has Stated Claims Under Alabama Law.

Defendant Guthery argues that Mr. McCarley's negligence claims are precluded by state agency immunity. ECF 105 at 10-11. But, state agency immunity

14

does not apply to Mr. McCarley's negligence claim because the SAC alleges (i) underlying conduct that violated the Constitution and laws of the United States; and (ii) that Defendant Guthery acted willfully and with malice. *See Ex parte Cranman v. Maxwell*, 792 So. 2d 392, 405 (Ala. 2000) (discussing *Cranman* exceptions); *see also Taylor v. Hughes*, 920 F.3d 729 (11th Cir. 2019), 734–35 (denying immunity where plaintiff alleged violation of Constitution). The SAC sufficiently alleges that Defendant Guthery acted willfully and with malice by knowingly leaving Mr. McCarley to die on the floor of St. Clair. *See Barefield*, 2023 WL 5417550, at *52 ("[B]ased on the nature of the allegations, it is plausible that Defendants' actions were 'malicious' and 'willful' for the same reason that it is plausible that their actions constituted deliberate indifference to Barefield's serious medical needs.").

Defendant Guthery also argues that the SAC fails to allege "the specific duty owed to Plaintiff and breach thereof by Defendant Guthery." ECF 105 at 11. However, Defendant Guthery owed duties of care to Mr. McCarley, and the SAC alleges that he breached those duties by refusing to act and delaying the facilitation of critical medical care. *See, e.g.*, *Murray v. Prison Health Servs., Inc.*, 112 So. 3d 1103, 1107 (Ala. Civ. App. 2012); *Huffman v. Dunn*, No. 4:20-CV-01293-CLM, 2021 WL 2533024, at *6–*7 (N.D. Ala. June 21, 2021).

15

Accepting Mr. McCarley's factual allegations as true, the SAC states a negligence claim against Defendant Guthery for which he is not entitled to immunity.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendant Jeremy Guthery's Motion to Dismiss (ECF 104). In the event the Court finds any aspect of Mr. McCarley's SAC deficient, Mr. McCarley requests that any dismissal be without prejudice.

Dated: October 30, 2023

Respectfully submitted,

J.S. "Chris" Christie, Jr.
(ASB-3162-H07J)
Gaile P. Gratton
(ASB-9988-r63g)
Alyse N. Windsor
(ASB-8902-V72C)
**DENTONS SIROTE, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
chris.christie@dentons.com
gaile.grattongreene@dentons.com
alyse.windsor@dentons.com

*/s/ Brandon R. Keel*
Brandon R. Keel (*pro hac vice*)
Charlie Spalding, Jr. (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, GA 30309
T: (404) 572-4600
F: (404) 572-5100bkeel@kslaw.com
cspalding@kslaw.com

Julia C. Barrett (*pro hac vice*)
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX 78701
T: (512) 457-2000
F: (512) 457-2100
jbarrett@kslaw.com

*Counsel for Plaintiff John McCarley*

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 30, 2023, a true and exact copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing, which will provide electronic notice of filing to all counsel of record.

By: */s/ Brandon R. Keel*
Brandon R. Keel
Admitted *pro hac vice*